IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMEKA BUTLER-GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | CASE NO.  1:11-CV-02346-AT |
| ATLANTA PUBLIC SCHOOLS, ) | |
| a Georgia public school district; ) | |
| KHAATIM S. EL, ) | |
| individually and officially; ) | |
| BEVERLY L. HALL, ) | |
| individually and officially; ) | |
| MICHAEL PITTS, ) | JURY TRIAL DEMANDED |
| individually and officially; and ) | |
| DANA EVANS, ) | |
| individually and officially; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AMENDED COMPLAINT

Plaintiff Tameka Butler-Grant demands trial by jury and sues for wrongful termination because of her whistleblowing about cheating in the Atlanta Independent School System pursuant to 42 U.S.C. § 1983 and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, stating as follows:

## PARTIES

1.  Plaintiff Tameka Butler-Grant ("Plaintiff Grant"), a school teacher, is a citizen of the State of Georgia and resides in Union City.

2.  Defendant Atlanta Independent School System a/k/a Atlanta Public Schools ("Defendant APS") is a Georgia public school district.

3.  Defendant Khaatim S. El ("Defendant El") at relevant times was the chairman of the Atlanta Board of Education which governs Defendant APS. Defendant El is sued in his official and individual capacity. Defendant El's conduct violated clearly established statutory and constitutional rights of which a reasonable person should have known.

4.  Defendant Dr. Beverly L. Hall ("Defendant Hall") at relevant times was the superintendent of Defendant APS. Defendant Hall is sued in her official and individual capacity. Defendant Hall's conduct violated clearly established statutory and constitutional rights of which a reasonable person should have known.

5.  Defendant Michael Pitts ("Defendant Pitts") at relevant times served as executive director of School Reform Team 2 for Defendant APS. Defendant Pitts is sued in his official and individual capacity. Defendant Pitts' conduct

violated clearly established statutory and constitutional rights of which a reasonable person should have known.

6. Defendant Dana Evans ("Defendant Evans") at relevant times was the principal of Dobbs Elementary School ("Dobbs"), a school in the district. Defendant Evans is sued in her official and individual capacity. Defendant Evans' conduct violated clearly established statutory and constitutional rights of which a reasonable person should have known.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff Grant's claims under 42 U.S.C. § 1983 for deprivation of her right to due process under the Fourteenth Amendment. This Court has supplemental jurisdiction over Plaintiff Grant's claim under the Georgia Whistleblower Act pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because: (1) a substantial part of the events or omissions giving rise to the claims occurred in this district, (2) the defendants reside and/or conduct business within the Northern District of Georgia; and/or (3) the defendants may be found in this district.

## STATEMENT OF FACTS

### Plaintiff Grant's Termination for Whistleblowing

9. Plaintiff Grant has been a teacher in the APS district since 2003. During her tenure as a teacher in the district, Plaintiff Grant resisted her superiors' pressure to participate in the systematic cheating that was practiced throughout the district to improve schools' performance on standardized testing.

10. Instead, as detailed below, Plaintiff Grant not once but on multiple occasions blew the whistle on the cheating and corruption that surrounded her. Rather than reward her courage in speaking out, however, the district terminated her employment under pretext.

### The Cheating Scandal at APS

11. On July 5, 2011, following a two-year investigation, the Office of the Governor Special Investigators released a report (hereinafter "Governor's Report") of the largest school cheating scandal in United States history. The Governor's Report revealed that 178 APS educators, including 38 principals at 44 APS schools erased and corrected answers on students' answer sheets for the Criterion-Referenced Competency Test ("CRCT"), the examination that APS and other Georgia school districts administer annually to all public school students in Georgia.

12. Plaintiff Grant was a key informant in the investigation. She is mentioned prominently in the Governor's Report. As the Governor's Report itself notes, Plaintiff Grant's participation in whistleblowing led to the termination of her employment as a teacher at Dobbs.

13. Just two days after Plaintiff Grant's meeting on February 9, 2011, with GBI investigators, Grant was notified by Defendant Evans she was scheduled to be terminated.

### Plaintiff Grant Blew the Whistle on Cheating at Parks and Dobbs

14. Plaintiff Grant's testimony to investigators included observations at Dobbs and during her tenure at Parks Middle School from 2003 to 2006. Plaintiff Grant testified that at Parks, eighth grade students were given the question for the writing test, prior to administration of the test.

15. The Governor's Report flagged Parks and Principal Christopher Waller ("Waller") as being responsible for that cheating. Plaintiff Grant provided investigators with a letter she wrote in early 2006 to Defendants Hall, Pitts, and other APS officials urging them to investigate Waller.

16. Plaintiff Grant's letter disclosed corruption, misuse and mishandling of funds for Supplemental Educational Services ("SES") and abuse of power by

Waller and other school administrators at Parks. Plaintiff Grant's letter disclosed that Waller falsified employee timesheets and student attendance sheets for SES.

17.  Plaintiff Grant's letter also revealed that Waller strongly encouraged Parks teachers to cheat on the CRCT. He told Parks teachers that Parks had to cheat to keep up with other elementary schools in the APS district. He praised cheating at other schools and encouraged Parks teachers to have the attitude: "if you can't beat them, join them."

18.  Defendants APS, Hall and Pitts took no action to investigate or address any of the concerns outlined in Plaintiff Grant's letter. Indeed, according to the investigation's report, Waller continued to preside over CRCT cheating at Parks until the 2010 school year.

19.  Instead, Defendants Hall and Pitts targeted Plaintiff Grant as a troublemaker. Waller ordered, with Defendants Hall and Pitts' approval, Plaintiff Grant's transfer to Long Middle School ("Long"), which at the time was one of the most dangerous schools in the district.

20.  Plaintiff Grant began teaching at Dobbs in October 2009. Plaintiff Grant testified to the Governor's investigators that Defendant Evans encouraged CRCT cheating at Dobbs, threatening to place teachers with students who had low CRCT scores on improvement programs, called a "Professional Development

Plan" ("PDP"). As detailed in the Governor's Report, Defendant Evans told Dobbs teachers that she would place every teacher on a PDP if Defendant Pitts placed Evans on a PDP for low CRCT scores.

21.     Although Plaintiff Grant refused to participate in the cheating, she learned of it from her students and from observation.  For example, Plaintiff Grant told investigators that one particular class of Dobbs students, who had scored lowest on the benchmark exams, had somehow scored the highest on the CRCT. Such results could only be explained by cheating.

22.     Plaintiff Grant also told investigators that Defendant Evans instructed her to falsify CRCT records. Defendant Evans told Plaintiff Grant to indicate that students who failed to meet expectations on the 2009 CRCT had received remedial help when they, in fact, had not received any help.

23.      Plaintiff Grant refused to falsify these records. Instead, she reported Evans to the Governor's investigators.

24.     On February 11, 2011, Defendant Evans retaliated against Plaintiff Grant's whistleblowing by informing her that she would not recommend the renewal of her contract with APS.  As detailed in the Governor's report, Plaintiff Grant reported the non-renewal of her employment contract to the Governor's investigators.

25. On May 2, 2011, attorney James L. Hollis with Balch & Bingham LLP wrote on behalf of the Governor's investigation to warn APS' general counsel about the district's actions against whistleblowers: "We write to put APS on notice that its proposed employment decisions could hinder our ability to find the truth." A true and correct copy of Hollis' letter is attached as Exhibit A.

26. "Several teachers identified for non-renewal have cooperated with Special Investigators," Hollis wrote. "We are aware of one principal informing a witness soon after an interview that the witness' contract would be non-renewed." That witness, on information and belief, was Plaintiff Grant.

27. Despite Hollis' warning, on May 13, 2011, Defendant Hall adopted Defendant Evans' recommendation to non-renew Plaintiff Grant. Plaintiff Grant's last day of employment with APS was June 30, 2011. However, contrary to law, defendants did not provide Plaintiff Grant proper notice, a hearing, and other protections required under O.C.G.A. §§ 20-2-940 and 20-2-942 to discontinue a teacher's contract.

### Defendants' Pretext for Plaintiff Grant's Termination without Due Process

28. Plaintiff Grant gained tenure as an APS teacher during 2005. As a tenured teacher, Plaintiff Grant could only be terminated or suspended for good and sufficient cause.

29. However, because of Plaintiff Grant's history of whistleblowing at Parks, her refusal to participate in cheating at Dobbs and the ongoing investigation by the Governor's Special Investigators, Defendant Evans, with the approval of Defendants El, Hall, and Pitts improperly revoked Plaintiff Grant's tenure.

30. In September 2010, Defendant Evans out of the blue told Plaintiff Grant her tenure was being revoked because of an alleged gap in her employment with APS in 2008, when she sat for the Georgia Assessments for the Certification of Educators ("GACE") exam. Prior to the exam, Plaintiff Grant taught under her Florida certification. All of Plaintiff Grant's records at Dobbs dated before September 26, 2010, reflected Plaintiff Grant's status as tenured.

31. When she revoked Plaintiff Grant's tenure, Defendant Evans told Grant that she would be re-eligible for tenure as of March 1, 2011, if she achieved favorable reviews -- implicit was the warning not to tell investigators of cheating at Dobbs under Defendant Evans' direction.

32. Plaintiff Grant blew the whistle anyway. Plaintiff Grant spoke with investigators on February 9, 2011, and on February 11, 2011, Defendant Evans informed Grant that her now non-tenured contract would not be renewed.

33. Plaintiff Grant was improperly deprived her of her right to due process. Defendants did not offer Plaintiff Grant the notice, hearing and other protections required under O.C.G.A. §§ 20-2-940 and 20-2-942.

**Count One:**
**Against all Defendants for Deprivation of Procedural Due Process**
**Under Color of State Law in Violation of 42 U.S.C. § 1983**

34. Plaintiff realleges and incorporates by reference Paragraphs 1 to 33 of this complaint as if set forth fully here.

35. Plaintiff Grant had a property interest in her continuing employment with APS.

36. Defendants APS, El, Hall, Pitts and Evans, acting under color of state law, deprived Plaintiff Grant of this property interest without due process of law under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

37. The deprivation of Plaintiff Grant's property interest without due process of law came about when Defendant Evans, with the approval of Defendants APS, El, Hall, and Pitts revoked Plaintiff Grant's tenure without proper notice, a hearing, and other protections afforded by O.C.G.A. §§ 20-2-940 and 20-2-942, as alleged above.

38.     Defendant APS, with the approval of Defendants El, Hall, and Pitts, further deprived her of her property interest without due process of law when APS terminated her employment without the benefit of proper notice, a hearing, and other protections afforded by O.C.G.A. §§ 20-2-940 and 20-2-942, as alleged above.

39.     Plaintiff Grant is entitled to compensatory damages for monetary loss stemming from her loss of tenure and emotional distress for defendants' acts in violation of 42 U.S.C. § 1983.

40.     Plaintiff Grant is also entitled to punitive damages for defendants' willful and gross disregard of plaintiff's rights.

## Count Two
### Against all Defendants for Violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4

41.     Plaintiff realleges and incorporates by reference Paragraphs 1 to 33 of this complaint as if set forth fully here.

42.     Plaintiff Grant, until the last day of her employment on June 30, 2011, was a public employee as defined by O.C.G.A. § 45-1-4.

43.     Defendants APS, El, Hall, Pitts, and Evans retaliated against Plaintiff Grant by revoking her tenure status and discharging her from her employment for disclosing a violation of law, rule, or regulation of the State of Georgia.  As alleged

above, Plaintiff Grant disclosed CRCT cheating and falsification of records at Parks and Dobbs.

44. Plaintiff Grant accurately disclosed instances of cheating on the CRCT and falsification of records at Parks and Dobbs.

45. Plaintiff Grant is entitled to reinstatement of her position with the APS or to an equivalent position, reinstatement of full fringe benefits and seniority rights, compensation for lost wages, benefits, and other remuneration, and other compensatory damages allowable at law. Plaintiff Grant is also entitled to the reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiff Grant respectfully prays for judgment as follows:

A. That she be reinstated with full fringe benefits and seniority rights to her former position with the APS or to an equivalent position;

B. That she be awarded compensation for her lost wages, benefits, and other remuneration;

C. That she be awarded compensatory damages for her deprivation of her right to due process.

D. That she be awarded compensatory damages for her emotional distress for the deprivation of her right to due process and for retaliation against her for whistleblowing;

E. That she be awarded punitive damages for defendants' willful and gross disregard of plaintiff's rights;

F. That she be awarded her reasonable attorneys' fees and court costs incurred by her in the filing of this suit; and

G. That she be awarded such other and further relief as the interests of justice require.

This 26th day of July, 2011.

                         Respectfully submitted,

                         s/Elizabeth Ann Morgan
                         Elizabeth Ann Morgan
                         Georgia Bar No. 522206
                         Louis A. Kerkhoff
                         Georgia Bar. No. 591930
                         Attorneys for the Plaintiff
                         THE MORGAN LAW FIRM P.C.
                         260 Peachtree Street
                         Suite 1601
                         Atlanta, Georgia 30303
                         TEL:  404-496-5430
                         FAX:  404-496-5431
                         morgan@morganlawpc.com
                         kerkhoff@morganlawpc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **TAMEKA BUTLER-GRANT,** )<br>)<br>   **Plaintiff,**    )<br>)<br>v.                             )<br>)<br>**ATLANTA PUBLIC SCHOOLS,** )<br>a Georgia public school district; )<br>**KHAATIM S. EL,**        )<br>individually and officially; )<br>**BEVERLY L. HALL,**      )<br>individually and officially; )<br>**MICHAEL PITTS,**        )<br>individually and officially; and )<br>**DANA EVANS,**           )<br>individually and officially; )<br>)<br>   **Defendants.**    )<br>_____ ) | **CIVIL ACTION**<br><br>**CASE NO.  1:11-CV-02346-AT**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2011, I presented the **AMENDED COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Atlanta Public Schools
c/o Brenda J. Muhammad - Board Chairwoman
130 Trinity Ave.
Atlanta, GA 30303

Khaatim S. El
1286 Fair St SW
Atlanta, GA 30314-2635

Beverly L. Hall
58 Ivy Chase NE
Atlanta, GA 30342-4500

Michael Andre Pitts
7423 Simon St.
Atlanta, GA 30349-7913

Dana Evans
Principal - Dobbs Elementary
2025 Jonesboro Rd SE
Atlanta, GA 30315-6726

                Respectfully submitted,

                <u>s/Elizabeth Ann Morgan</u>
                Elizabeth Ann Morgan
                Georgia Bar No. 522206
                Louis A. Kerkhoff
                Georgia Bar. No. 591930
                THE MORGAN LAW FIRM P.C.
                260 Peachtree Street
                Suite 1601
                Atlanta, Georgia 30303
                TEL:   404-496-5430
                FAX:  404-496-5431
                morgan@morganlawpc.com
                kerkhoff@morganlawpc.com
                *Counsel for the Plaintiff*