# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **TAMEKA BUTLER-GRANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:11-CV-02346-JOF** |
| | ) | |
| **ATLANTA PUBLIC SCHOOLS,** | ) | **JURY TRIAL DEMANDED** |
| **a Georgia public school district;** | ) | |
| **KHAATIM S. EL,** | ) | |
| **individually and officially;** | ) | |
| **BEVERLY L. HALL,** | ) | |
| **individually and officially;** | ) | |
| **MICHAEL PITTS,** | ) | |
| **individually and officially; and** | ) | |
| **DANA EVANS,** | ) | |
| **individually and officially;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Tameka Butler-Grant, by her attorney, and pursuant to Local Rule

26.1 for the Northern District of Georgia, states as follows:

**(1.)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of legal issues in the case.**

Plaintiff Tameka Butler-Grant sues Defendants Atlanta Independent School System a/k/a Atlanta Public Schools ("APS"), Khaatim S. El, Beverly L. Hall, Michael Pitts and Dana Evans under 42 U.S.C. § 1983 and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, for wrongful termination because of her whistleblowing about cheating in APS.

Plaintiff Grant has been a teacher in the APS system since 2003. During her tenure in the district, Plaintiff Grant resisted her superiors' pressure to participate in the systematic cheating that was practiced throughout the district to improve schools' performance on standardized testing.  Plaintiff Grant not once but on multiple occasions blew the whistle on the cheating and corruption that surrounded her. In response, the district terminated her employment under pretext.

Plaintiff Grant was a key informant in the two-year investigation conducted by the Office of the Governor's Special Investigators, which released a report of the largest school cheating scandal in United States history on July 5, 2011.  The Governor's Report revealed that 178 APS educators, including 38 principals at 44 Atlanta schools, erased and corrected answers on students' answer sheets for the Criterion-Referenced Competency Test ("CRCT"), the examination that APS and other Georgia school districts administer annually to all public school students in Georgia. Plaintiff Grant met with investigators on February 9, 2011, and two days

later, Defendant Evans notified her that she was scheduled to be terminated.

Plaintiff Grant taught at Parks Middle School ("Parks") from 2003 to 2006. In 2006, Plaintiff Grant wrote a letter to Defendants Hall, Pitts, and other APS officials, urging them to investigate Christopher Waller, the principal, on the basis of corruption, misuse, and mishandling of funds for Supplemental Educational Services ("SES") and abuse of power by Waller and other school administrators at Parks Middle School. Defendants APS, Hall, and Pitts took no action to investigate or address any of the concerns outlined in Plaintiff Grant's letter. Waller continued to preside over CRCT cheating at Parks until the 2010 school year. In retaliation for Plaintiff Grant's letter, Waller ordered, with Defendants Hall and Pitts' approval, Grant's transfer to Long Middle School ("Long"), which at the time was one of the most dangerous schools in the district.

Plaintiff Grant began teaching at Dobbs Elementary School ("Dobbs") in October 2009. Defendant Evans, the principal, encouraged CRCT cheating at Dobbs, threatening to place teachers with students who had low CRCT scores on an improvement program titled a "Professional Development Plan" ("PDP"). Defendant Evans also instructed Plaintiff Grant to falsify CRCT records.

Plaintiff Grant refused to falsify these records. In response, Defendant Evans told Plaintiff Grant that her tenure was being revoked because of an alleged

gap in her employment with APS in 2008, when she sat for the Georgia Assessments for the Certification of Educators ("GACE") exam. Plaintiff Grant will testify that an APS Human Resource representative advised her that her tenure status would remain intact after completing the GACE exam. According to Plaintiff Grant's personal knowledge and her Teacher Performance Evaluation Instrument (TPEI), her tenure status was reconfirmed in 2010. However, in September 2010, Defendant Evans revoked Grant's tenure, claiming that Grant would be re-eligible for tenure as of March 1, 2011, if she achieved favorable reviews—implicitly requiring her to participate in cheating at Dobbs. Plaintiff Grant instead of joining the cheating, again blew the whistle. This time she spoke to the Governor's Task Force.

Plaintiff Grant reported Evans to the Governor's investigators on February 9, 2011. On February 11, 2011, Defendant Evans retaliated against Plaintiff Grant's whistleblowing by informing her that she would not recommend the renewal of her contract with APS. On May 13, 2011, Defendant Hall adopted Evans' recommendation. Plaintiff Grant's last day of employment with APS was June 30, 2011.

However, contrary to law and the requirement for tenured teachers, Defendants did not provide Plaintiff Grant proper notice, a hearing, and other

protections required under O.C.G.A. §§ 20-2-940 and 20-2-942.

The Governor's Special Investigators warned APS not to terminate any teachers without a due process hearing because of the investigation and the chilling effect on witnesses and appearance of retaliation. However, despite the warning, APS scheduled Plaintiff Grant and others for termination. The Governor's Special Investigators again warned APS that individuals on their list for termination had assisted in the investigation and that their terminations appeared to be retaliatory.

Plaintiff Grant was improperly deprived of her right to due process because Defendants improperly revoked her tenure and denied her the notice, hearing, and other protections required under O.C.G.A. §§20-2-940(b) and 20-2-942(b)(2).

The legal issues to be tried include the determination of:

(i)     Whether Defendants violated 42 U.S.C. §1983.

(ii)    Whether Defendants violated O.C.G.A. §§20-2-940(b) and 20-2-942(b)(2).

(iii)   Whether Plaintiff Grant was entitled to the due process rights set forth in O.C.G.A. §§ 20-2-940 and 20-2-942.

(iv)    Whether Defendants violated the Georgia Whistleblower Act, O.C.G.A. §45-1-4.

(v)     Whether Plaintiff Grant is entitled to reinstatement of employment to

her former position or to an equivalent position.

(vi)    Whether Plaintiff Grant is entitled to recover compensatory damages

for monetary loss, deprivation of due process, and emotional distress.

(vii)   Whether Plaintiff Grant is entitled to recover reasonable attorneys'

fees and court costs.

**(2.)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

### A.   <u>Case Law</u>

Exemplary case law includes:

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701,

33 L. Ed. 2d 548 (1972).

*Perry v. Sindermann*, 408 U.S. 593, 599, 92 S. Ct. 2694, 2698, 33 L.

Ed. 2d 570 (1972).

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 274,

97 S. Ct. 568, 569, 50 L. Ed. 2d 471 (1977).

*Holley v. Seminole Cty. Sch. Dist.*, 755 F.2d 1492, 1496 (11th Cir.

1985).

*Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456-57 (11th Cir. 1998).

*Ferguson v. Thomas*, 430 F.2d 852, 856 (5th Cir. 1970).

*Moore v. Gabriel*, No. 3:05CV31 CDL, 2007 WL 917291 (M.D. Ga. Mar. 22, 2007).

*Bell v. Bd. of Sch. Comm'rs of Mobile Cty.*, Ala., 450 F. Supp. 162, 165-67 (S.D. Ala. 1978).

*Sherrod v. Sch. Bd. of Palm Beach Cty.*, 703 F. Supp. 2d 1279 (S.D. Fla. 2010).

*David G. Brown, P.E., Inc. v. Kent*, 274 Ga. 849, 849, 561 S.E. 2d 89, 90 (2002).

*Glen Rest., Inc. v. W.*, 173 Ga. App. 204, 205, 325 S.E. 2d 781, 782 (Ga. Ct. App. 1984).

*Strait v. Reid*, 262 Ga. App. 430, 430, 585 S.E. 2d 640, 641 (Ga. Ct. App. 2003).

*Forrester v. Georgia Dep't of Human Services*, 308 Ga. App. 716, S.E. 2d 660 (Ga. Ct. App. 2011).

**B.**     <u>**Statutes and Rules**</u>

42 U.S.C. § 1983.

The Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

O.C.G.A. § 20-2-940.

O.C.G.A. § 20-2-942.

Plaintiff reserves the right to supplement this response.

**(3.)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See "Attachment A."   Plaintiff reserves the right to supplement this response.

**(4.)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

See "Attachment B."   Plaintiff reserves the right to supplement this response.

**(5.)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See "Attachment C."   Plaintiff reserves the right to supplement this response.

**(6.)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff seeks to recover:

A. Back pay from the date of termination;

B. Compensatory damages, including emotional distress as determined

by the jury;

C. The costs of this action; and

D. Plaintiff's reasonable attorneys' fees.

**(7.)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is not aware of any relevant insurance agreement.

**(8.)   Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Plaintiff is not aware of any persons or legal interests who have a

subrogation interest.

This 12 day of September, 2011.

Respectfully submitted,

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
morgan@morganlawpc.com
Candice D. McKinley
Georgia Bar No. 253892
mckinley@morganlawpc.com
The Morgan Law Firm P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
Tel: 404-496-5430
Mobile: 404-872-0267
*Counsel for the Plaintiff*

## ATTACHMENT A

At this time, Plaintiff Grant is aware of the following persons who are likely to have discoverable information on the issues of facts and circumstances surrounding the claims made by the Plaintiff or the Defendants:

(1) **Name**: Dana Evans

**Job Title:**  Former Principal of Dobbs Elementary School

**Address & Phone number:**  Unknown, (404)274-6033;

**Discoverable Information:**  Facts and circumstances relating to CRCT scores at Dobbs Elementary from 2009 to present.  Ms. Evans has information related to Ms. Grant's employment in APS, her contract non-renewal, and revocation of tenure.  Ms. Evans has information regarding details of "Professional Development Plans," the KRONOS system/attendance procedures at Dobbs, and knowledge of Ms. Grant's communication with the Office of the Governor's Special Investigators.

(2) **Name:**  Angela Williamson

**Job Title:**   Former Fourth and Fifth Grade Teacher at Dobbs Elementary

**Address and Phone number:**  Unknown, (404) 372-4860;

**Discoverable Information:**   Facts and circumstances of the KRONOS reporting system, and knowledge of the attendance procedures at Dobbs.

(3)   **Name:**  Javonne Stewart

**Job Title:**  Instructional Coach at Dobbs Elementary

**Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (404) 751-6388;

**Discoverable Information:**   Facts and circumstances of the KRONOS reporting system, and knowledge of the attendance procedures at Dobbs.

(4)   **Name:**  DeAndrea Lewis

**Job Title:**  Media Specialist at Dobbs Elementary

**Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (404) 802-8050;

**Discoverable Information:**   Facts and circumstances of the KRONOS reporting system, and knowledge of the attendance procedures at Dobbs.

(5)   **Name:**  Kimberly Johnson

**Job Title:**  Reading Coordinator at Dobbs Elementary

**Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (404) 993-5755;

**Discoverable Information:**  Facts and circumstances of the KRONOS reporting system, and knowledge of the attendance procedures at Dobbs.

(6)   **Name:**  Jaqueline Wallace

   **Job Title:**  Kindergarden Teacher at Dobbs Elementary

   **Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (850) 210-2463;

   **Discoverable Information:**  Facts and circumstances of the KRONOS reporting system, and knowledge of the attendance procedures at Dobbs.

(7)   **Name:**  Sonja Jordan

   **Job Title:**  Special Education Paraprofessional at Dobbs Elementary

   **Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (678) 698-9447;

   **Discoverable Information:**  Facts and circumstances of the KRONOS reporting system/attendance procedures at Dobbs, and

knowledge of Mario Watkins' administrative capabilities to control the system.

(8)    **Name:**  Mario Watkins

**Job Title:**  Assistant Principal at Dobbs Elementary

**Address and Phone number:**  2025 Jonesboro Rd SE, Atlanta, GA 30315-6726, (404) 397-7603;

**Discoverable Information:**  Facts and circumstances of the KRONOS reporting system at Dobbs, and knowledge of teacher's time entries and the administrative privileges of the system.

(9)    **Name**: Christopher Waller

**Job Title:** Former Principal of Parks Middle School

**Address & Phone number:**  1090 Windsor St SW, Atlanta, GA 30310;

**Discoverable Information:**  Facts and circumstances pertaining to CRCT scores at Parks from 2003 to 2009.  Mr. Waller has information relating to Ms. Grant's employment at Parks.  Mr. Waller has information regarding details of SES funding allocations at Parks Middle School and was put on notice of Ms. Grant's whistleblowing to APS officials about the use of these funds.

(10)   **Name**:  Michael Pitts

**Job Title:**  Former Executive Director of School Reform Team II for APS

**Address & Phone number:**  7423 Simon St., Atlanta, GA 30349-7913;

**Discoverable Information:**   Facts and circumstances relating to CRCT scores of Parks, and knowledge of the remedial assistance given to Parks in preparation of the CRCT.  Mr. Pitts has information related to Ms. Grant's employment in APS, her contract non-renewal, and revocation of tenure.   Mr. Pitts has information regarding details of SES funding allocations and Ms. Grant's request for an investigation of Christopher Waller relating to these funds at Parks. Mr. Pitts was put on notice and aware of Ms. Grant's whistleblowing about cheating in APS.

(11)   **Name**: Beverly L. Hall

**Job Title**: Former Superintendent of APS from 2000 to 2011

**Address & Phone number**:  58 Ivy Chase NE, Atlanta, GA 30342-4500;

**Discoverable Information**:  Facts and circumstances relating to CRCT scores of Dobbs and Parks, and knowledge of any remedial assistance given to both APS schools in preparation of the CRCT. Ms. Hall has information related to Ms. Grant's employment in APS, her contract non-renewal, and revocation of tenure.  Ms. Hall has information regarding details of SES funding allocations and Ms. Grant's request for an investigation of Christopher Waller relating to these funds at Parks.  Ms. Hall was put on notice and aware of Ms. Grant's whistleblowing about cheating in APS.

(12)  **Name**: Khaatim S. El

**Job Title:** Former Chairman of the Atlanta Public School Board of Education from 2003 to 2011

**Address & Phone number:**  1286 Fair St SW, Atlanta, GA 30314-2635;

**Discoverable Information:**  Facts and circumstances relating to CRCT scores of Dobbs and Parks, and knowledge of the remedial assistance given to both APS schools in preparation of the CRCT. Mr. El has information related to Ms. Grant's employment in APS, details pertaining to SES funding allocations and Ms. Grant's request

for an investigation of Christopher Waller relating to these funds at Parks.   Mr. El was put on notice and aware of Ms. Grant's whistleblowing about cheating in APS.

(13)   **Name**:  Robert E. Wilson, Michael J. Bowers, & Richard L. Hyde

**Job Title:**  Office of the Governor's Special Investigators (OGSI)

**Address & Phone number:**  State Capitol, Atlanta, Georgia, 30335;

**Discoverable Information:**  Facts and circumstances relating to Ms. Grant's whistleblowing of cheating in APS as incorporated into the OGSI's report.

(14)   **Name**:  James L. Hollis

**Job Title:**  Attorney with Balch & Bingham LLP

**Address & Phone number:**  30 Ivan Allen, Jr. Blvd., NW, Suite 700 Atlanta, GA 30308; (404) 962-3585

**Discoverable Information:**  Facts and circumstances relating to Ms. Grant's whistleblowing to the Governor's Special Investigators about APS cheating on the CRCT, and APS's plan to terminate her for communications with them.

Plaintiff reserves the right to supplement this response.

**ATTACHMENT B**

Plaintiff is not prepared to identify Fed. R. Evid. 702, 703, or 705 witnesses, and/or testifying expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(B). Plaintiff will supplement her response in accordance with the local and federal rules.

## ATTACHMENT C

At present time, Plaintiff Grant identifies the following general categories of documents that she may use to support her claims, the majority of which are in the possession and control of the Defendants:

(1)   Personnel Records, including Electronically Stored Information, in the possession or control of Defendants related to Plaintiff Grant.

(2)   Documents and Electronically Stored Information related to communications regarding Plaintiff Grant.

(3)   Documents and Electronically Stored Information, particularly emails, relating to the transfer or termination of Plaintiff Grant from Parks Middle School, Long Middle School, and Dobbs Elementary School.

(4)   Documents and Electronically Stored Information pertaining to the letter from Defendant Evans notifying Plaintiff Grant that she was not recommending the renewal of her contract with APS on February 11, 2011, and Defendant Hall's May 13, 2011 notification that she was accepting Defendant Evans's recommendation.

(5)   Documents and Electronically Stored Information, particularly emails, related to the revocation of Plaintiff Grant's tenure at APS.

(6)    Documents and Electronically Stored Information relating to Plaintiff Grant's employment at Dobbs Elementary School dated before September 26, 2010, reflecting her status as tenured.

(7)    Documents and Electronically Stored Information, particularly emails, relating to Plaintiff Grant's communication with Michael Pitts requesting a meeting to discuss her tenure status.

(8)    Documents and Electronically Stored Information, particularly emails, relating to Plaintiff Grant's communication with any named Defendants regarding Educational Services ("SES") funds for CRCT preparation at Parks Middle School by Christopher Waller, including Plaintiff Grant's letter of early 2006 to Defendants Hall, Pitts, and other APS officials urging them to investigate Waller.

(9)    Documents relating to Javonne Stewart and Kimberly Johnson's Georgia Professional Standards Commission's certification from 2008 to 2011 at Dobbs Elementary.

(10)    Documents and Electronically Stored Information relating to any communications or response to Plaintiff Grant's letter of early 2006 on behave of APS or its officials.

(11)   Documents and Electronically Stored Information documenting Plaintiff Grant's meeting with the Governor's Special Investigators on February 9, 2011.

(12)   Documents and Electronically Stored Information documenting Plaintiff Grant's teacher observations and evaluations at both Dobbs Elementary and Parks Middle School from 2003 to 2011.

(13)   Documents relating to the KRONOS reporting system, in particular, system records from 2008 to present at Dobbs Elementary.

(14)   Documents relating to sign-in sheets located in the administrative office of Dobbs Elementary reflecting the daily hand written time log of teacher's arrival to school from 2008 to present.

(15)   Documents and Electronically Stored Information pertaining to details of "Professional Development Plans" given by Defendant Evans or any other named Defendant at Dobbs Elementary from 2008 to present.

(16)   Documents and Electronically Stored Information relating to CRCT scores at both Dobbs Elementary and Parks Middle School from 2003 to present.

(17)   Documents and Electronically Stored Information relating to any remedial assistance given to Dobbs Elementary and/or Parks Middle School in preparation for CRCT exams.

(18)   Documents relating to the current addresses and phone numbers for Christopher Waller, Dana Evans, and Angela Williamson, former employees of APS.

(19)   Documents relating to the current address and phone number of DeAndrea Lewis, a current employee of APS.

(20)   Documents retained by Plaintiff Grant relating to her employment, her request for an investigation of Christopher Waller at Parks Middle School, and her communication with the Governor's Special Investigators.

(21)   Any and all other documents identified by Defendants.

Plaintiff reserves the right to supplement this response.

# LR 7.1(D) CERTIFICATION

This brief has been prepared with Times New Roman, 14-point font.

<u>s/Elizabeth Ann Morgan</u>
Elizabeth Ann Morgan
Georgia Bar No. 522206
morgan@morganlawpc.com
Candice D. McKinley
Georgia Bar No. 253892
mckinley@morganlawpc.com
The Morgan Law Firm P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
Tel: 404-496-5430
Mobile: 404-872-0267
*Counsel for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **TAMEKA BUTLER-GRANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:11-CV-02346-JOF** |
| | ) | |
| **ATLANTA PUBLIC SCHOOLS,** | ) | **JURY TRIAL DEMANDED** |
| **a Georgia public school district;** | ) | |
| **KHAATIM S. EL,** | ) | |
| **individually and officially;** | ) | |
| **BEVERLY L. HALL,** | ) | |
| **individually and officially;** | ) | |
| **MICHAEL PITTS,** | ) | |
| **individually and officially; and** | ) | |
| **DANA EVANS,** | ) | |
| **individually and officially;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

I hereby certify that on September 12, 2011, I electronically filed **Initial Disclosures, with Attachments A, B, and C,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Lindsey G. Churchill
Assistant General Counsel
Atlanta Public Schools
130 Trinity Ave.
Atlanta, GA 30303

Respectfully submitted,


s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
morgan@morganlawpc.com
Candice D. McKinley
Georgia Bar No. 253892
mckinley@morganlawpc.com
The Morgan Law Firm P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
Tel: 404-496-5430
Mobile: 404-872-0267
*Counsel for the Plaintiff*